IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00278-BNB

DANIEL ALLAN SCHNEIDER,

    Plaintiff,

v.

STATE OF COLORADO,
DEPT. OF CORRECTIONS,
DAVID MAUCHARD, Head of Parole,
JIM STADDLER, DOC Liaison
GEORGE KLEBAC, DOC Liaison
RICHARD MACNEILLY, DOC Parole Officer, and
DAVID MICHAUD, Parole Board Chairman,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 7 2008

GREGORY C. LANGHAM
               CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Daniel Allan Schneider, resides in Bismarck, North Dakota. Plaintiff initiated this action on January 31, 2008, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Schneider is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Schneider will be ordered to file an Amended Complaint.

Mr. Schneider's claims for the most part challenge the State of Colorado's failure to timely extradite him from the State of North Dakota and his alleged illegal incarceration in the Colorado Department of Corrections (DOC). Plaintiff also asserts

that he was denied adequate medical treatment and subjected to a dangerous environment while he was in the custody of the DOC. Mr. Schneider seeks money damages for his alleged illegal imprisonment and for the conditions of his confinement.

With respect to any claims that Plaintiff sets forth regarding his alleged false imprisonment and delayed extradition, his money damages are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87. Mr. Schneider does not allege that he has invalidated his sentence or the alleged delay in his extradition. Therefore, the claim for damages challenging the validity of his criminal conviction and proceedings are barred by **Heck**.

Furthermore, Mr. Schneider does not allege how any of the named Defendants were responsible for the conditions of his confinement other than that they were responsible for his alleged illegal incarceration. Plaintiff must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the

2

alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Simply because named Defendants were responsible for determining Plaintiff must be incarcerated they are not responsible for the conditions of his confinement. Plaintiff has failed to state who was responsible for his alleged inadequate medical treatment and his being subjected to a dangerous environment.

The Court further finds that Mr. Schneider is suing improper defendants. Any claim he asserts against the State of Colorado and the Department of Corrections is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Plaintiff is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

3

ORDERED that Mr. Schneider file **within thirty days from the date of this Order** an original and a copy of an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Schneider, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Schneider submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Schneider fails to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED March 17, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00278-BNB

Daniel Allan Schneider
Prisoner No. 98291
1102 E. Ave. C
Bismark, ND 58501

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/17/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk